*48 OPINION.
Trammell:
The only issue involved in this proceeding is whether during the year 1920 the petitioner was a personal service corporation.
Section 200 of the Eevenue Act of 1918 provides in part as follows:
The term “ personal service corporation ” means a corporation whose income is to he ascribed primarily to the activities of the principal owners or stock *49 holders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor * * *.
During 1920, the Manufacturers Underwriting Co., a holding company, owned 2,996 shares of the petitioner’s total outstanding capital stock of 3,000 shares. The holding company, during the year here involved, had no other business than holding the stock and receiving the dividends of the petitioner corporation and the Michigan Underwriters Corporation, which acted as an attorney in fact for an association formed for the exchange of indemnity in workmen’s compensation insurance. The remaining four shares of petitioner’s capital stock were held by Sloman, Goodman, P. E. Hinckley and Harrison, who owned one share each, and who, with the exception of P. E. Hinckley, were regularly engaged in selling insurance. Unquestionably the holding company was the principal owner or stockholder in the petitioner corporation.
We are here confronted with the question of whether a corporation is entitled to personal service classification when substantially all of its stock is owned by another corporation. This question was considered by us in Appeal of Hanley-Ried & Co., 2 B. T. A. 315. There we held that a corporation, the principal stockholder of which was another corporation, was not entitled to personal service classification. We said:
The concept underlying the whole theory of personal service corporations was to give relief to those corporations, the income of which was primarily attributable to the personal and individual activities of the principal stockholders.
We think Congress intended, that the activities be personal in the sense of being individual. Without question a corporation can not be said to have individual activities. It is an artificial entity, the activities of which are necessarily vicarious and not individual.
The foregoing principles are applicable and controlling here.
In view of the foregoing, the action of the respondent in denying personal service classification is approved.

Judgment will be entered for the respondent.

Considered by Sieekin and MoRRis.